Seth W. Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: sethwiener@yahoo.com

Attorneys for Plaintiff
Thunder Studios, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDER STUDIOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARIF KAZAL; TONY KAZAL; ADAM KAZAL; AND DOES 1 TO 100, INCLUSIVE, <br><br> Defendants. | CASE NO.: 2:17-cv-00871 AB (SSx) <br><br> **PLAINTIFF THUNDER STUDIO, INC.'S FIRST AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff Thunder Studios, Inc. ("Plaintiff" or "Thunder Studios") brings this lawsuit against Defendants Charif Kazal ("Charif"), Tony Kazal ("Tony"), Adam Kazal ("Adam") and Does 1 to 100, inclusive (collectively, "Defendants") to put an end to their infringement of Thunder Studios' copyrights, and stalking and harassment of Thunder Studios and its employees.

## PARTIES

2. Thunder Studios is a corporation incorporated under the laws of the State of California with its principal place of business in the State of California. Thunder Studios is a full-service independent production studio.

3. Plaintiff alleges on information and belief that Defendant Charif Kazal is an individual resident in Australia.

4. Plaintiff alleges on information and belief that Defendant Tony Kazal is an individual resident in Australia.

5. Plaintiff alleges on information and belief that Defendant Adam Kazal is an individual resident in Australia.

6. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1 to 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this pursuant to 28 U.S.C. § 1331, 1332, 1338 and 1367 because the action arises under the Copyright Act (17 U.S.C. §§ 101, *et seq.*), and because Plaintiff is a citizen of the State of California and Defendants are citizens of a foreign state and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

First Amended Complaint

# FACTS

10. Thunder Studios is the owner of copyrights that have been registered with the Copyright Office, including Copyright Registration Number VA 2-024-205 and Copyright Registration Number VA 2-024-116.

11. Copyright Registration Number VA 2-024-205 includes certain photographs that were published between February 19, 2016 to November 25, 2016.

12. Copyright Registration Number VA 2-024-116 includes certain photographs that were published between August 26, 2015 and December 13, 2015.

13. Defendants have intentionally and maliciously copied certain of Plaintiff's copyrighted photographs on their website: www.kazalfamilystory.com/category/rodric-david/ (the "Website").

14. Defendants have also intentionally and maliciously copied certain of Plaintiff's copyrighted photographs on various social media websites, including but not limited to, Twitter, YouTube, and Pinterest.

15. Defendants have also published Plaintiff's copyrighted photographs and references to the Website on publicly-disseminated flyers, banners, placards, and on vans that were driven in public areas.

16. On or about October 31, 2016, Adam Kazal told Plaintiff that he reserved "the right to not only continue using the Van, but to also increase the size of my fleet" unless his demands were met, including a demand that he be paid $666,666.66.

17. Plaintiff has never authorized or consented to Defendants' use of its copyrighted photographs.

18. Defendants did not respond to multiple requests by Plaintiff that they take down the copyrighted photographs from the Website.

19. Two prior website hosting companies took down the Website in response to complaints made by Plaintiff under the Digital Millennium Copyright Act.

First Amended Complaint

20. In order to avoid having to remove the copyrighted photographs, Defendants thereafter transferred the hosting of the Website to a company named OrangeWebsite, which purports to be "regulated only by Icelandic Law."

21. On an almost daily basis since April 2016, Defendants have sent emails to employees of Thunder Studios, which contain numerous inflammatory and libelous statements, including that Thunder Studios and its employees have committed "despicable crimes" and made "desperate lies and malicious threats …"

22. Plaintiff alleges on information and belief that Defendants have and continue to cause irreparable harm to Plaintiff's reputation and goodwill by using Plaintiff's copyrighted photographs and by libeling Plaintiff on their Website. By doing so, Defendants have undermined Plaintiff's business and professional reputation, and are causing irreparable harm.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

24. Defendants, without authorization, have used and are using Plaintiff's registered copyrights.

25. Defendants' acts of infringement have been willful, intentional, and purposeful, in disregard of, and indifferent to the rights of Plaintiff.

26. As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights and exclusive rights under the Copyright Act, Defendants are liable for maximum statutory damage pursuant to 17 U.S.C. § 504(c) up to $150,000 for each of the copyrights infringed, where such infringement took place on or after the effective date of registration of the copyrights. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages plus Defendants' profits from all infringements occurring on or after the effective date of registration of the copyrights, as will be proven at trial.

First Amended Complaint

27. Plaintiff is entitled to its actual damages plus Defendants' profits from all infringements occurring prior to the effective date of registration of Plaintiff's copyrights, as will be proven at trial.

28. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

29. Defendants' conduct is causing, and unless enjoined by this Court, will continue to cause great and irreparable injury to Plaintiff that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctions requiring Defendants to employ reasonable methodologies to prevent or limit infringement of Plaintiff's copyrights.

## SECOND CAUSE OF ACTION
## STALKING

30. Plaintiff incorporates by reference the preceding allegations of the Complaint as though fully set forth herein.

31. Defendants have stalked Plaintiff and its employees, both online and offline. In furtherance of Defendants' efforts, Defendants have engaged in a pattern of conduct the intent of which is to follow, alarm or harass Plaintiff and its employees.

32. At all times herein, Defendants' stalking conduct caused Plaintiff's employees to reasonably fear for their own safety and the safety of their family members. Defendants have made numerous implied and express threats toward Plaintiff.

33. As a proximately result of the above-described intention conduct, Plaintiff has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

a. General damages in an amount to be proven at trial, but not less than $5,000,000;

b. Preliminary and permanently enjoin Defendants, as well as the Defendants'

-5-

officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of the registered copyrights;

  c. Find Defendants liable for infringement of the registered Copyrights;

  d. Order an award to Plaintiff of all actual damages, in the minimum amount of five million dollars, and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

  e. exemplary and punitive damages;

  f. attorney's fees and other litigation costs;

  g. costs of court;

  h. pre-judgment interest on all damages and/or profits awarded by the Court;

  i. such other and further relief to which they may be justly entitled.

## DEMAND FOR TRIAL BY JURY

Plaintiff Thunder Studios, Inc. demands a trial by jury on all claims so triable.

Dated:  March 23, 2017   LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorney for Plaintiff
THUNDER STUDIOS, INC.

First Amended Complaint