1
2
3
4
5
6
7
8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  THUNDER STUDIOS, INC.;<br>12  RODRIC DAVID, | Case No. 2:17-cv-00871-AB (SSx) |
| 13              Plaintiffs, | **OPENING JURY INSTRUCTIONS** |
| 14  v. | |
| 15  CHARIF KAZAL; TONY KAZAL;<br>16  ADAM KAZAL; AND DOES 1 TO<br>     100, INCLUSIVE, | |
| 17              Defendants. | |

18

19       The following are the Court's jury instructions to guide your consideration of
20  the evidence in this case.
21
22
23  Dated:  December 4, 2018
24  _____
    HONORABLE ANDRÉ BIROTTE JR.
25  UNITED STATES DISTRICT COURT JUDGE
26
27
28

                              1.

## OPENING JURY INSTRUCTION NO. 1
### DUTY OF THE JURY

Ladies and gentlemen: You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to refer to.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings.  At the end of the trial, I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## OPENING JURY INSTRUCTION NO. 2

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Thunder Studios, Inc. asserts a claim for copyright infringement. Plaintiff Rodric David asserts a claim for stalking. Plaintiffs have the burden of proving these claims.

Defendants deny these claims.

## <u>OPENING JURY INSTRUCTION NO. 3</u>

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that a claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1           **OPENING JURY INSTRUCTION NO. 4**

2         **PRELIMINARY INSTRUCTION—COPYRIGHT**

3        The Plaintiff, Thunder Studios, Inc., claims ownership of copyrights and seeks

4 damages against Defendants for copyright infringement.  The Defendants deny

5 infringing copyrights.  To help you understand the evidence in this case, I will explain

6 some of the legal terms you will hear during this trial.

7               DEFINITION OF COPYRIGHT

8        The owner of a copyright has the right to exclude any other person from

9 reproducing, distributing, performing, displaying, or preparing derivative works from

10 the work covered by copyright for a specific period of time.

11        A copyrighted work can be a literary work, musical work, dramatic work,

12 pantomime, choreographic work, pictorial work, graphic work, sculptural work,

13 motion picture, audiovisual work, sound recording, architectural work, or computer

14 program.

15        Facts, ideas, procedures, processes, systems, methods of operation, concepts,

16 principles, or discoveries cannot themselves be copyrighted.

17        The copyrighted work must be original.  An original work that closely

18 resembles other works can be copyrighted so long as the similarity between the two

19 works is not the result of copying.

20             HOW COPYRIGHT IS OBTAINED

21        Copyright automatically attaches to a work the moment the work is fixed in any

22 tangible medium of expression.  The owner of the copyright may register the

23 copyright by completing a registration form and depositing a copy of the copyrighted

24 work with the Copyright Office.  After determining that the material deposited

25 constitutes copyrightable subject matter and that certain legal and formal requirements

26 are satisfied, the Register of Copyrights registers the work and issues a certificate of

27 registration to the copyright owner.

28

1

PLAINTIFF'S BURDEN OF PROOF

2     In this case, Plaintiff, Thunder Studios, Inc. contends that Defendants have

3     infringed the Plaintiff's copyrights.  The Plaintiff has the burden of proving by a

4     preponderance of the evidence that the Plaintiff is the owner of the copyright and that

5     the Defendants copied original expression from the copyrighted work.  Preponderance

6     of the evidence means that you must be persuaded by the evidence that it is more

7     probably true than not true that the copyrighted work was infringed.

8     The Plaintiff must also prove that the Defendants' use of the copyrighted work

9     was substantial.  In determining whether the Defendants' use of the copyrighted work

10    was substantial, you may consider how important the copied portion was to the

11    copyrighted work as a whole.

12

PROOF OF COPYING

13    To prove that the Defendants copied the Plaintiff's work, the Plaintiff may

14    show that the Defendants had access to the Plaintiff's copyrighted work and that there

15    are substantial similarities between the Defendants' work and the Plaintiff's

16    copyrighted work.

17

LIABILITY FOR INFRINGEMENT

18    One who reproduces, publicly distributes, publicly displays, and/or prepares

19    derivative works from a copyrighted work without authority from the owner during

20    the term of the copyright infringes the copyright.  Copyright may also be infringed by

21    contributorily or vicariously infringing.

22

CONTRIBUTORY INFRINGEMENT

23    A person is liable for copyright infringement by another if the person knows or

24    should have known of the infringing activity and induces or materially contributes to

25    the activity.

26    / / /

27    / / /

28    / / /

VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>OPENING JURY INSTRUCTION NO. 5</u>

### PRELIMINARY INSTRUCTION—STALKING

Plaintiff Rodric David has filed a claim for the tort of stalking against

Defendants.  Defendants are liable for the tort of stalking when the following elements

of the tort are proven:

(1)     The defendant engaged in a pattern of conduct the intent of
which was to follow, alarm, place under surveillance, or
harass the plaintiff. In order to establish this element, the
plaintiff shall be required to support his or her allegations
with independent corroborating evidence.

(2)     As a result of that pattern of conduct, either of the following
occurred:

(A)     The plaintiff reasonably feared for his or her safety, or
the safety of an immediate family member. For
purposes of this subparagraph, "immediate family"
means a spouse, parent, child, any person related by
consanguinity or affinity within the second degree, or
any person who regularly resides, or, within the six
months preceding any portion of the pattern of
conduct, regularly resided, in the plaintiff's
household.

(B)     The plaintiff suffered substantial emotional distress,
and the pattern of conduct would cause a reasonable
person to suffer substantial emotional distress.

(3)     One of the following:

(A)     The defendant, as a part of the pattern of conduct
specified in paragraph (1), made a credible threat with
either (i) the intent to place the plaintiff in reasonable

8.

1                           fear for his or her safety, or the safety of an immediate

2                           family member, or (ii) reckless disregard for the

3                           safety of the plaintiff or that of an immediate family

4                           member. In addition, the plaintiff must have, on at

5                           least one occasion, clearly and definitively demanded

6                           that the defendant cease and abate his or her pattern of

7                           conduct and the defendant persisted in his or her

8                           pattern of conduct unless exigent circumstances make

9                           the plaintiff's communication of the demand

10                         impractical or unsafe.

11             (B)    The defendant violated a restraining order, including,

12                         but not limited to, any order issued pursuant to

13                         Section 527.6 of the Code of Civil Procedure,

14                         prohibiting any act described in subdivision (a).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                    **<u>OPENING JURY INSTRUCTION NO. 6</u>**

3            **TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

4

5            You should decide the case as to each party separately. Unless otherwise stated,

6    the instructions apply to all parties.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OPENING JURY INSTRUCTION NO. 7

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. The sworn testimony of any witness;

2. The exhibits which are received into evidence;

3. Any facts to which the lawyers have agreed; and

4. Any facts that I may instruct you to accept as proved.

# OPENING JURY INSTRUCTION NO. 8

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses. What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## <u>OPENING JURY INSTRUCTION NO. 9</u>

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## OPENING JURY INSTRUCTION NO. 10
### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## OPENING JURY INSTRUCTION NO. 11
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:
1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness's memory;
3. the witness's manner while testifying;
4. the witness's interest in the outcome of the case, if any;
5. the witness's bias or prejudice, if any;
6. whether other evidence contradicted the witness's testimony;
7. the reasonableness of the witness's testimony in light of all the evidence; and
8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but

told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

## OPENING JURY INSTRUCTION NO. 12

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about

17.

1    this case, you must respond that you have been ordered not to discuss

2    the matter and report the contact to the court.

3

4           Because you will receive all the evidence and legal instruction

5    you properly may consider to return a verdict:  do not read, watch or

6    listen to any news or media accounts or commentary about the case or

7    anything to do with it, although I have no information that there will

8    be news reports about this case; do not do any research, such as

9    consulting dictionaries, searching the Internet, or using other reference

10   materials; and do not make any investigation or in any other way try

11   to learn about the case on your own.  Do not visit or view any place

12   discussed in this case, and do not use Internet programs or other

13   devices to search for or view any place discussed during the trial.

14   Also, do not do any research about this case, the law, or the people

15   involved—including the parties, the witnesses or the lawyers—until

16   you have been excused as jurors. If you happen to read or hear

17   anything touching on this case in the media, turn away and report it to

18   me as soon as possible.

19

20          These rules protect each party's right to have this case decided only on evidence

21   that has been presented here in court.  Witnesses here in court take an oath to tell the

22   truth, and the accuracy of their testimony is tested through the trial process.  If you do

23   any research or investigation outside the courtroom, or gain any information through

24   improper communications, then your verdict may be influenced by inaccurate,

25   incomplete, or misleading information that has not been tested by the trial process.

26   Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

27   case based on information not presented in court, you will have denied the parties a

28

fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## <u>OPENING JURY INSTRUCTION NO. 13</u>

### NO TRANSCRIPT AVAILABLE TO THE JURY

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

If at any time you cannot hear or see the testimony, evidence, questions, or arguments, let me know so that I can correct the problem.

## OPENING JURY INSTRUCTION NO. 14

### TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

**<u>OPENING JURY INSTRUCTION NO. 15</u>**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## OPENING JURY INSTRUCTION NO. 16
### OUTLINE OF THE TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.