1
2
3
4
5
6
7

8

## UNITED STATES DISTRICT COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

11
12

THUNDER STUDIOS, INC.;
RODRIC DAVID,

Case No. 2:17-cv-00871-AB (SSx)

13

Plaintiffs,

**FINAL CLOSING JURY
INSTRUCTIONS**

14

v.

15
16

CHARIF KAZAL; TONY KAZAL;
ADAM KAZAL; AND DOES 1 TO
100, INCLUSIVE,

17

Defendants.

18

19
20

The following are the Court's jury instructions to guide your consideration of
the evidence in this case.

21

22
23

Dated:  December 10, 2018

24

_____
HONORABLE ANDRÉ BIROTTE JR.

25

UNITED STATES DISTRICT COURT JUDGE

26
27
28

1.

**FILED**
CLERK, U.S. DISTRICT COURT

12/10/2018

**CENTRAL DISTRICT OF CALIFORNIA**
BY: _____ CB _____ DEPUTY

# CLOSING JURY INSTRUCTION NO. 1
## DUTY OF THE JURY

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

2.

1

## CLOSING JURY INSTRUCTION NO. 2

2

## CLAIMS AND DEFENSES

3      To help you follow the evidence, I will give you a brief summary of the

4  positions of the parties:

5

6      Plaintiff Thunder Studios, Inc. asserts a claim for copyright infringement.

7  Plaintiff Rodric David asserts a claim for stalking. Plaintiffs have the burden of

8  proving these claims.

9

10      Defendants deny these claims.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3.

## CLOSING JURY INSTRUCTION NO. 3

### BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that a claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## CLOSING JURY INSTRUCTION NO. 4

### TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

## CLOSING JURY INSTRUCTION NO. 5

### WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.  The sworn testimony of any witness;

2.  The exhibits which are received into evidence;

3.  Any facts to which the lawyers have agreed; and

4.  Any facts that I have instructed you to accept as proved.

## CLOSING JURY INSTRUCTION NO. 6

### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some evidence was received only for a limited purpose; when I instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you have seen or heard when the court is not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CLOSING JURY INSTRUCTION NO. 7**

### **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## CLOSING JURY INSTRUCTION NO. 8

### RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit cannot be received. Whenever I sustained an objection to a question, you were ignore the question and must not guess what the answer might have been.

Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the stricken evidence for any purpose.

## **CLOSING JURY INSTRUCTION NO. 9**
### **BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## CLOSING JURY INSTRUCTION NO. 10

### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may have said something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

/ / /

/ / /

11.

1    The weight of the evidence as to a fact does not necessarily depend on the
2    number of witnesses who testify.  What is important is how believable the witnesses
3    were, and how much weight you think their testimony deserves.

## CLOSING JURY INSTRUCTION NO. 11

### DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

## CLOSING JURY INSTRUCTION NO. 12

### USE OF INTERROGATORIES

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

# CLOSING JURY INSTRUCTION NO. 13
## EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the clerk. If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the bailiff present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case. The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the

15.

1  court immediately and refrain from viewing such materials. Do not remove the

2  computer or any electronic data from the jury room, and do not copy any such data.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CLOSING JURY INSTRUCTION NO. 14</u>

### STALKING

Defendants are liable for the tort of stalking when Plaintiff Rodric David proves all of the following elements of the tort:

(1) The defendant engaged in a pattern of conduct the intent of which was to follow, alarm, place under surveillance, or harass the plaintiff. In order to establish this element, the plaintiff shall be required to support his or her allegations with independent corroborating evidence.

(2) As a result of that pattern of conduct, either of the following occurred:

(A) The plaintiff reasonably feared for his or her safety, or the safety of an immediate family member. For purposes of this subparagraph, "immediate family" means a spouse, parent, child, any person related by consanguinity or affinity within the second degree, or any person who regularly resides, or, within the six months preceding any portion of the pattern of conduct, regularly resided, in the plaintiff's household.

(B) The plaintiff suffered substantial emotional distress and the pattern of conduct would cause a reasonable person to suffer substantial emotional distress.

(3) One of the following:

(A) The defendant, as a part of the pattern of conduct specified in paragraph (1), made a credible threat with either (i) the intent to place the plaintiff in reasonable fear for his or her safety, or the safety of an immediate family member, or (ii) reckless disregard for the safety of the plaintiff or that of an immediate family member.

17.

In addition, the plaintiff must have, on at least one occasion, clearly and definitively demanded that the defendant cease and abate his or her pattern of conduct and the defendant persisted in his or her pattern of conduct unless exigent circumstances make the plaintiff's communication of the demand impractical or unsafe.

(B)   The defendant violated a restraining order, including, but not limited to, any order issued pursuant to Section 527.6 of the Code of Civil Procedure, prohibiting any act described in subdivision (a).

For the purposes of this instruction:

1.   "Pattern of conduct" means conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.

2.   Credible threat" means a verbal or written threat, including that communicated by means of an electronic communication device, or a threat implied by a pattern of conduct, including, but not limited to, acts in which a defendant directly, indirectly, or through third parties, by any action, method, device, or means, follows, harasses, monitors, surveils, threatens, or interferes with or damages the plaintiff's property, or a combination of verbal, written, or electronically communicated statements and conduct, made with the intent and apparent ability to carry out the threat so as to cause the person who is the target of the threat to reasonably fear for his or her safety or the safety of his or her immediate family.

3.   "Harass" means a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, torments, or terrorizes the person, and which serves no legitimate purpose. The course of

18.

1    conduct must be such as would cause a reasonable person to suffer

2    substantial emotional distress, and must actually cause substantial

3    emotional distress to the person.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19.

## CLOSING JURY INSTRUCTION NO. 15

## DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff Rodric David on his Stalking claim, you must determine the plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

- The nature and extent of the injuries;
- The loss of enjoyment of life experienced and that with reasonable probability will be experienced in the future;
- The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

20.

# CLOSING JURY INSTRUCTION NO. 16

## PUNITIVE DAMAGES

If you find for either of the plaintiffs, you may, but are not required to, award punitive damages.

The purpose of punitive damages is to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

## CLOSING JURY INSTRUCTION NO. 17
## PRELIMINARY INSTRUCTION—COPYRIGHT

The Plaintiff, Thunder Studios, Inc., claims ownership of copyrights and seeks damages against Defendants for copyright infringement.  The Defendants deny infringing copyrights.  To help you understand the evidence in this case, I will explain some of the legal terms you heard during this trial.

### DEFINITION OF COPYRIGHT

The owner of a copyright has the right to exclude any other person from reproducing, distributing, performing, displaying, or preparing derivative works from the work covered by copyright for a specific period of time.

A copyrighted work can be a literary work, musical work, dramatic work, pantomime, choreographic work, pictorial work, graphic work, sculptural work, motion picture, audiovisual work, sound recording, architectural work, or computer program.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, or discoveries cannot themselves be copyrighted.

The copyrighted work must be original.  An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### HOW COPYRIGHT IS OBTAINED

Copyright automatically attaches to a work the moment the work is fixed in any tangible medium of expression.  The owner of the copyright may register the copyright by completing a registration form and depositing a copy of the copyrighted work with the Copyright Office.  After determining that the material deposited constitutes copyrightable subject matter and that certain legal and formal requirements are satisfied, the Register of Copyrights registers the work and issues a certificate of registration to the copyright owner.

PLAINTIFF'S BURDEN OF PROOF

In this case, Plaintiff, Thunder Studios, Inc., contends that Defendants have infringed the Plaintiff's copyright.  The Plaintiff has the burden of proving by a preponderance of the evidence that the Plaintiff is the owner of the copyright and that the Defendants copied original expression from the copyrighted work.  Preponderance of the evidence means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

The Plaintiff must also prove that the Defendants' use of the copyrighted work was substantial.  In determining whether the Defendants' use of the copyrighted work was substantial, you may consider how important the copied portion was to the copyrighted work as a whole.

PROOF OF COPYING

To prove that the Defendants copied the Plaintiff's work, the Plaintiff may show that the Defendant had access to the Plaintiff's copyrighted work and that there are substantial similarities between the Defendant's work and the Plaintiff's copyrighted work.

LIABILITY FOR INFRINGEMENT

One who reproduces, publicly distributes, publicly displays, and/or prepares derivative works from a copyrighted work without authority from the owner during the term of the copyright infringes the copyright.  Copyright may also be infringed by contributorily or vicariously infringing.

CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces or materially contributes to the activity.

/ / /

/ / /

/ / /

23.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and had the right and ability to supervise or control the infringing activity, whether or not the person knew of the infringement.

24.

## CLOSING JURY INSTRUCTION NO. 18
### COPYRIGHT—DEFINED

Copyright is the exclusive right to copy.  The right to copy includes the exclusive rights to:

1.  reproduce the copyrighted work in copies;

2.  recast, transform, or adapt the work, that is prepare derivative works based upon the copyrighted work; and/or

3.  display publicly a copyrighted work.

1

**CLOSING JURY INSTRUCTION NO. 19**

2

**COPYRIGHT—SUBJECT MATTER—GENERALLY**

3

The photographs involved in this trial are known as pictorial work.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>CLOSING JURY INSTRUCTION NO. 20</u>**

**COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION**

Copyright law allows the author of an original work to stop others from copying the original expression in the author's work.  Only the particular expression of an idea can be copyrighted and protected.  Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

## CLOSING JURY INSTRUCTION NO. 21

### COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING

Anyone who copies original expression from a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of evidence that:

      1.  the plaintiff is the owner of a valid copyright; and

      2.  the defendant copied original expression from the copyrighted work

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

1    **CLOSING JURY INSTRUCTION NO. 22**

2    **COPYRIGHT INFRINGEMENT—OWNERSHIP OF VALID COPYRIGHT—**

3    **DEFINITION**

4        The plaintiff is the owner of a valid copyright in the photographs if the plaintiff

5    proves by a preponderance of the evidence that:

6        1.  the plaintiff's work is original; and

7        2.  the plaintiff is the author or creator of the work

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CLOSING JURY INSTRUCTION NO. 23**

2

## **COPYRIGHT INFRINGEMENT—COPYRIGHT REGISTRATION**

3

## **CERTIFICATE**

4      A copyright owner may obtain a certificate of registration from the Copyright

5    Office.

6      The evidence in this case includes Exhibits 23 and 24, which are certificates of

7    copyright registration from the Copyright Office.  You are instructed that the

8    certificates are sufficient to establish that there is a valid copyright in the photographs

9    in question.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## CLOSING JURY INSTRUCTION NO. 24

## COPYRIGHT INTERESTS—WORK MADE FOR HIRE BY EMPLOYEE

3          A copyright owner is entitled to exclude others from copying a work made for

4   hire.

5          A work made for hire is one that is prepared by an employee and is within the

6   scope of employment

7          A work is made for hire within the scope of employment if:

8          1.  it is the kind of work the employee is employed to create;

9          2.  it occurs substantially within the authorized time and space limits; and

10         3.  it is made, at least in part, for the purpose of serving the employer.

11         The employer is considered to be the author of the work and owns the

12         copyright.

13         A copyright owner of a work made for hire may enforce the right to exclude

14   others in an action for copyright infringement

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLOSING JURY INSTRUCTION NO. 25

### COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

Instruction 21 states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work. The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

## <u>CLOSING JURY INSTRUCTION NO. 26</u>

### COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED

As part of its burden in Instruction No. 21, the plaintiff must prove by a preponderance of the evidence that the defendant had access to the plaintiff's work. You may find that the defendant had access to the plaintiff's work if the defendant had a reasonable opportunity to view the plaintiff's work before the defendant's work was created.

# CLOSING JURY INSTRUCTION NO. 27

## SUBSTANTIAL SIMILARITY

A plaintiff must prove that its work and the defendant's work are substantially similar.  Substantial similarity exits when there is material overlap between the works' creative expressions.

## CLOSING JURY INSTRUCTION NO. 28
### SECONDARY LIABILITY—VICARIOUS INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF

If you find that one or more of the defendants infringed the plaintiff's copyright in the photographs, you must determine whether the other defendants vicariously infringed that copyright.  The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the other defendants directly benefitted financially from the infringing activity of the direct infringer

2.  the other defendants had the right and ability to supervise or control the infringing activity of the direct infringer; and

3.  the other defendants failed to exercise that right and ability

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find the direct infringer infringed plaintiff's copyright. If, on the other hand the plaintiff has failed to prove any of these elements, your verdict should be for the other defendants.

**CLOSING JURY INSTRUCTION NO. 29**
**SECONDARY LIABILITY—CONTRIBUTORY INFRINGEMENT—**
**ELEMENTS AND BURDEN OF PROOF**

A defendant may be liable for copyright infringement engaged in by another if he knew or had reason to know of the infringing activity and intentionally induced or materially contributed to that infringing activity.

If you find that any of the defendants infringed the plaintiff's copyright in the photographs, you must determine whether the other defendants contributorily infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the defendant knew or had reason to know of the infringing activity of the direct infringer; and

2.  the defendant intentionally induced or materially contributed to direct infringer's infringing activity.

If you find that direct infringer infringed plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

## CLOSING JURY INSTRUCTION NO. 30
## COPYRIGHT—AFFIRMATIVE DEFENSE—FAIR USE

One who is not the owner of the copyright may use the copyrighted work in a reasonable way under the circumstances without the consent of the copyright owner if it would advance the public interest. Such use of a copyright work is called fair use. The owner of a copyright cannot prevent others from making a fair use of the owner's copyrighted work.

Defendant contends that defendant made fair use of the copyrighted work for the purpose of protest. The defendant has the burden of proving this defense by a preponderance of the evidence.

In determining whether the use made of the work was fair, you should consider the following factors:

(1) The purpose and character of the use, including whether the use is of commercial nature or is for nonprofit educational purposes;

(2) The nature of the copyrighted work;

(3) The amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) The effect of the use upon the potential market for or value of the copyrighted work.

If you find that the defendant has proved by a preponderance of the evidence that the defendant made a fair use of the plaintiff's work, your verdict should be for the defendant.

37.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CLOSING JURY INSTRUCTION NO. 31
## COPYRIGHT—DAMAGES

If you find for the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff is entitled to recover the actual damages suffered as a result of the infringement. In addition, the plaintiff is also entitled to recover any profits of the defendant attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

## CLOSING JURY INSTRUCTION NO. 32
### COPYRIGHT—ACTUAL DAMAGES

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

## CLOSING JURY INSTRUCTION NO. 33

## COPYRIGHT—STATUTORY DAMAGES

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff may seek and the jury may award statutory damages *instead of* actual damages and profits.  The plaintiff here seeks a statutory damage award, established by Congress for each work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

 Instruction Nos. 34 and 35 will tell you what constitutes innocent infringement and what constitutes willful infringement.

# CLOSING JURY INSTRUCTION NO. 34

## COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that his acts constitutes infringement of the copyright; and

2. the defendant had no reason to believe that his acts constituted an infringement of the copyright

## CLOSING JURY INSTRUCTION NO. 35

### COPYRIGHT—DAMAGES—WILLFUL INFRINGEMENT

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of evidence:

1. the defendant engaged in acts that infringed the copyright; and

2. the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

## CLOSING JURY INSTRUCTION NO. 36

### COPYRIGHT DEFENSES—STATUTE OF LIMITATIONS

Defendants assert as a defense that the statute of limitations prohibits plaintiff Thunder Studios' copyright claims.  Statutes of limitations are laws that prevent a plaintiff from recovering damages based on conduct that the plaintiff knew about, or should have known about, but failed to bring suit within a prescribed period of time. The time period within which the suit must be brought begins when Thunder Studios first knew, or should have known, that Defendants were using its copyrighted photographs on kazalfamilystory.com.

The applicable statute of limitations period is 3 years.  The statute of limitations does not prohibit recovery of damages that were incurred more than 3 years prior to the filing of suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was reasonable under the circumstances.  Plaintiff Thunder Studios brought this suit on February 2, 2017.  Defendants claim that Plaintiff's claims based on publication of certain photographs on kazalfamilystory.com are barred here because Thunder Studios knew or should have known by February 2, 2014 that the photographs appeared on that website.

Defendants have the burden of proving the statute of limitations defense. In other words, Defendants must prove by a preponderance of the evidence that plaintiff Thunder Studios knew or should have known of the alleged infringement prior to February 2, 2014.

## CLOSING JURY INSTRUCTION NO. 37
### DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict, but of course, only if each of you can do so after having made your own conscientious decision.  Do not be unwilling to change your opinion if the evidence persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# CLOSING JURY INSTRUCTION NO. 38
## CONSIDERATION OF EVIDENCE

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the

45.

law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

## CLOSING JURY INSTRUCTION NO. 39
### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## <u>CLOSING JURY INSTRUCTION NO. 40</u>

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about

48.

1 this case, you must respond that you have been ordered not to discuss

2 the matter and report the contact to the court.

3

4   Because you will receive all the evidence and legal instruction

5 you properly may consider to return a verdict:  do not read, watch or

6 listen to any news or media accounts or commentary about the case or

7 anything to do with it, although I have no information that there will

8 be news reports about this case; do not do any research, such as

9 consulting dictionaries, searching the Internet, or using other reference

10 materials; and do not make any investigation or in any other way try

11 to learn about the case on your own.  Do not visit or view any place

12 discussed in this case, and do not use Internet programs or other

13 devices to search for or view any place discussed during the trial.

14 Also, do not do any research about this case, the law, or the people

15 involved—including the parties, the witnesses or the lawyers—until

16 you have been excused as jurors. If you happen to read or hear

17 anything touching on this case in the media, turn away and report it to

18 me as soon as possible.

19

20   These rules protect each party's right to have this case decided only on evidence

21 that has been presented here in court.  Witnesses here in court take an oath to tell the

22 truth, and the accuracy of their testimony is tested through the trial process.  If you do

23 any research or investigation outside the courtroom, or gain any information through

24 improper communications, then your verdict may be influenced by inaccurate,

25 incomplete, or misleading information that has not been tested by the trial process.

26 Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the

27 case based on information not presented in court, you will have denied the parties a

28

fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

## CLOSING JURY INSTRUCTION NO. 41

### NO TRANSCRIPT AVAILABLE TO THE JURY

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

## CLOSING JURY INSTRUCTION NO. 42

### TRIAL NOTES

Some of you took notes during trial.  You may take your notes with you into the jury room for deliberations.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

## CLOSING JURY INSTRUCTION NO. 43

### VERDICT FORM

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.