Name  BENJAMIN TAYLOR (State Bar No. 240636)

Address  1880 Century Park East, Suite 714

City, State, Zip  Los Angeles, CA 90067

Phone  (310) 201-7600

Fax  (310) 201-7601

E-Mail  btaylor@taylorlawfirmpc.com

☐ FPD   ☐ Appointed   ☐ CJA   ☐ Pro Per   ☒ Retained

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDER STUDIOS, INC.; RODRIC DAVID individual | CASE NUMBER: |
| PLAINTIFF(S), | 2:17-cv-00871 AB (SSx) |
| v. | |
| CHARIF KAZAL; TONY KAZAL; ADAM KAZAL | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____Tony Kazal and Adam Kazal_____ hereby appeals to

*Name of Appellant*

the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
    3/14/19 Order on Rule 50(b) and 59 motion

☒ Judgment (specify):
    after jury trial, entered 1/2/19

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on March 14, 2019 _____.

A copy of said judgment or order is attached hereto.

April 9, 2019

Date

Signature

☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

**Note:**   The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party.  Also, if not electronically filed in a criminal case,  the Clerk shall be furnished a sufficient number of copies of the Notice of  Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA

10   THUNDER STUDIOS, INC, et al.,        Case No. 2:17-cv-00871-AB (SSx)
11                    Plaintiffs,
12   v.                                   **ORDER DENYING DEFENDANTS'**
                                          **MOTION FOR JUDGMENT AS A**
13                                        **MATTER OF LAW, NEW TRIAL,**
                                          **AND REMITTITUR**
14   CHARIF KAZAL et al.,
                     Defendants.
15
16

17          On January 30, 2019, Defendants Charif Kazal, Tony Kazal, and Adam Kazal

18   ("Defendants") filed a Motion for Judgment as a Matter of Law, New Trial, or

19   Remittitur following a jury verdict in favor of Plaintiffs Thunder Studios and Rodric

20   David ("Plaintiffs").  Dkt. No. 202.  Plaintiffs opposed the Motion and Defendants

21   filed a reply.  Dkt. Nos. 204, 210.  The Court finds this matter appropriate for decision

22   without oral argument and vacates the hearing set for March 15, 2019.  *See* Fed. R.

23   Civ. P. 78; C.D. Cal. L.R. 7–15.  For the following reasons, the Court **DENIES**

24   Defendants' Motion.

25   **I.    BACKGROUND**

26          A business relationship turned sour serves as the backdrop for this litigation.

27   Plaintiff Rodric David is an Australian citizen who entered into a joint venture with

28   the Kazal family in the Middle East.  The working relationship dissolved over time.

1.

Plaintiffs allege that, in an act of retaliation after the conclusion of the partnership, the Kazal family used Thunder Studios' copyrighted works to deliver sensational messages to and about Rodric David on the Internet.  On January 26, 2018, Plaintiffs filed a Second Amended Complaint ("SAC", Dkt. No. 94) against Defendants alleging copyright infringement.  *See* SAC.  Thunder Studios is the owner of various copyrights to photographs registered with the Copyright Office at VA 2-023-116 to VA 2-024-205.  SAC ¶ 11.  Plaintiffs alleged that Defendants copied Thunder Studios' photographs and posted them on the website, www.kazalfamilystory.com/category/rodric-david/ (the "Website").  SAC ¶ 15.  Plaintiff David also brought claims for the tort of stalking against Defendants.  SAC ¶ 42-43.

The case progressed to a jury trial that commenced on December 4, 2018.  During jury deliberations, Defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a), thereby preserving its right to renew the motion pursuant to Rule 50(b).  Defendants based the motion on the ground that Plaintiffs failed to provide sufficient evidence to support its claims.  Defendants did argue that the Court erred in failing to admit evidence regarding an unrelated state court jury verdict against Plaintiff David in its Rule 50(a) motion.  The Court denied the motion, concluding that there was sufficient disputed evidence for a jury to decide whether Plaintiffs copyrighted photographs were infringed and whether Defendants stalked Plaintiff Rodric David.

On December 11, 2018 the jury returned a verdict for Plaintiffs on both claims.  On Thunder Studios' copyright infringement claim, the jury assessed statutory damages of $2,600 against Charif Kazal.  Judgment (Dkt. No. 192).  The jury did not find Adam or Tony Kazal liable for copyright infringement.  Regarding David's stalking claim, the jury returned a verdict against both Adam Kazal and Tony Kazal.  Specifically, the jury assessed compensatory damages of $100,000 and punitive damages of $1,000,000 against Defendant Tony Kazal and Adam Kazal each.  *Id.*

2.

1    Defendants now renew their motion under Rule 50(b) claiming that: (1) the

2    jury's verdict was not supported by the weight of the evidence, and (2) the Court erred

3    in declining to admit evidence regarding an unrelated jury verdict against Rodric

4    David that is not yet subject to a final judgment.  Alternatively, Defendant argues

5    either for a new trial or remittitur of the jury verdict.

6    **II.    RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

7    Defendants first seek an order entering judgment as a matter of law in its favor

8    pursuant to Rule 50(b).  For the reasons discussed below, Defendants' Motion is

9    denied.

10   **A. Legal Standard**

11   Rule 50 governs motions for judgment as a matter of law.  A motion under Rule

12   50(b) challenges the sufficiency of the evidence presented at trial in support of the

13   prevailing party's case.  Judgment as a matter of law after a jury verdict is proper "if

14   the evidence, construed in the light most favorable to the nonmoving party, permits

15   only one reasonable conclusion, and that conclusion is contrary to the jury's."

16   *Vollrath Co. v. Sammi Corp.*, 9 F.3d 1455, 1460 (9th Cir. 1993).  In contrast,

17   judgment as a matter of law is improper if there is substantial evidence to support the

18   jury's verdict.  *See Transgo, Inc. v. Ajac Transmission Parts, Corp.*, 768 F.2d 1001,

19   1014 (9th Cir. 1985).  "'Substantial evidence' is admissible evidence that reasonable

20   minds might accept as adequate to support a conclusion." *Davis v. Mason Cty.*, 927

21   F.2d 1473, 1486 (9th Cir. 1991).

22   In considering a motion under Rule 50, the Court does not assess the credibility

23   of witnesses and does not "weigh the evidence, but [instead] draws all factual

24   inferences in favor of the nonmoving party." *Lytle v. Household Mfg., Inc.*, 494 U.S.

25   545, 554 (1990).  A party seeking judgment as a matter of law must meet a "very

26   high" standard.  *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002).  "We

27   can overturn the jury's verdict and grant such a motion only if there is no legally

28   sufficient basis for a reasonable jury to find for that party on that issue." *Id.* (internal

quotation marks omitted).  Finally, the Court may not substitute its judgment of the facts for the judgment of the jury.  *Tennant v. Peoria & Pekin Union Ry. Co.*, 321 U.S. 29, 33 (1944).

### B. Discussion

At trial, Defendant premised its Rule 50(a) motion on the ground that Plaintiffs had not presented enough evidence to support their copyright infringement or stalking claims.  As discussed above, the scope of a party's Rule 50(b) motion is limited to the arguments it made in its pre-verdict Rule 50(a) motion.  *Freund*, 347 F.3d at 761. Nonetheless, the Court will briefly address Defendants' argument regarding the Federal Rules of Evidence before turning to whether sufficient evidence supported the jury's verdict.

### 1. Evidence Regarding a 2017 State Court Verdict Was Properly Excluded

Defendants sought to introduce evidence and ask questions regarding a separate case involving Plaintiff Rodric David in which a former employee brought state court claims sounding in fraud.  The Court did not allow such cross-examination, holding that because the state court's jury verdict was completely unrelated to this matter and not yet subject to a final judgment, it was not admissible evidence.

Federal Rule of Evidence 608(b) provides in relevant part: "evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may on cross-examination allow the witness to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness".  Fed. R. Evid. 608(b).  The court has discretion to the extent of impeachment.  *Id.*  Under Federal Rule of Evidence 403, the Court must determine whether the probative value of the evidence is outweighed by the danger of confusion, prejudice, or waste of time.  Fed. R. Evid. 403.

Here, Defendants' proposed evidence was limited in its usefulness.  First, the state court jury verdict sounding in fraud does not relate to any matter at issue here.

1   Defendants contend that such evidence may have impacted Plaintiff David's

2   credibility.  During the course of trial, the jury was provided with numerous other

3   witnesses who served to corroborate David's testimony regarding Defendants'

4   stalking activities, and highlighted the emotional impact these acts may have had on

5   David and his family.  Moreover, Defendants had ample opportunity to cross examine

6   David about the stalking incident and attempt to impeach his truthfulness on the

7   matter during the course of trial.  The Court's decision to exclude potentially

8   prejudicial and confusing[1] evidence related to a wholly unrelated state lawsuit was

9   proper.

10
11   **2. Evidence Presented at Trial Supports the Jury Verdict Finding a "Pattern
        of Conduct"**

12

13   California Civil Code § 1708.7 requires a plaintiff to prove, among other things,

14   that a defendant engaged in a pattern of conduct.  Such conduct is "comprised of a

15   series of acts over a period of time, however short, evidencing a continuity of

16   purpose".  Defendants assert that the evidence presented at trial could not support the

17   jury's finding of a pattern of conduct.  Specifically, Defendants argue that all of the

18   conduct in question is protected under the First Amendment.  In the alternative,

19   Defendants argue that the evidence did not support a finding that Defendants

20   committed the tort of stalking.

21   While the Court agrees that Defendants' actions would be protected were they

22   under the veil of the First Amendment, a reasonable jury could perceive Defendants'

23   actions as threats.  "Threats generally are not entitled to First Amendment protection."

24   *U.S. v. Keyser*, 704 F.3d 631 (9th Cir. 2012).  "Whether a particular statement may

25   properly be considered to be a threat is governed by an objective standard—whether a

26

27   [1] Any such evidence in a completely unrelated case would needlessly confuse the jury
       as to the issues at hand here; namely (1) whether Defendants infringed upon Thunder
28     Studios' copyright; and (2) whether Defendants stalked Rodric David.

5.

1   reasonable person would foresee that the statement would be interpreted by those to

2   whom the maker communicates the statement as a serious expression of intent to harm

3   or assault." *Id.* (internal citation omitted).

4        Drawing all inferences in a light most favorable to Plaintiff, the Court finds there

5   was substantial evidence presented at trial to support the jury's conclusion that

6   Defendants Adam and Tony Kazal stalked Plaintiff David.

7        First, Plaintiffs presented evidence that Defendants entered into an email

8   campaign against Plaintiffs.  Threatening emails were sent by Defendants on a near

9   daily basis over the course of multiple months.  Plaintiffs presented evidence at trial

10  suggesting that both Adam and Tony Kazal were responsible for sending the

11  numerous emails threatening Plaintiff David.  The emails claimed that David had

12  committed "despicable crimes" and made "desperate lies and malicious threats".

13       Further, on October 27, 2016, Adam Kazal sent an email which included the

14  following language: (1) "[y]ou made it personal and I will show you that I am not

15  going to put up with the crap you tried to dish out to my brothers"; (2) "[m]y team in

16  LA are going to expose you wherever you go until you are charged with your crimes

17  and my team in Sydney will expose all of the spineless thieves who thought they

18  could help themselves to steal from my family; and (3) [g]etting your hyena to scream

19  at the LA Police like she did yesterday exposing how the disgustingly racist elements

20  of your family are not restricted just to your Syrian David blood is not going to stop

21  me and my crew!!"  Joint Trial Ex. No. 12.

22       Plaintiff David and his wife testified during the trial that they perceived these

23  statements as threats of violence.  Specifically, Plaintiff David testified that he was

24  fearful that Adam Kazal had hired a hitman to personally harm David or his family.

25  *See* Transcript Trial Day 1 (Dkt. No. 207) at 86:12-16.  A reasonable jury could have

26  viewed this evidence as establishing a "pattern of conduct" replete with threats that

27  supported Plaintiff David's claim for stalking.  In addition, the jury heard testimony

28  regarding the security measures the David family took as a result of these perceived

threats.

Similarly, evidence was introduced at trial that supported Plaintiff's claim that Tony Kazal contributed to the consistent email harassment suffered by the David family.  Persistent harassing emails may constitute a pattern of conduct.  *See Madsen v. Buffum*, 2013 WL 12139139 at *1 (C.D. Cal. Jul. 17, 2013) (determining that allegations of stalking through the creation of "several websites created for the purpose of following alarming, and harassing Plaintiffs" were sufficient under California Civil Code § 1708.7).

Defendants argue that if Tony Kazal committed stalking, it was unreasonable for the jury to have found Charif Kazal not liable for stalking.  It is not the province of the Court to determine how the jury reached its verdict; however, Charif Kazal was called as a witness at trial and was subject to cross-examination.  It is entirely reasonable that the jury determined Charif Kazal's testimony was credible and did not view him as personally involved in the email campaign unlike his brothers, who were not present during the course of the trial and were not called as witnesses.  Moreover, Tony Kazal was listed as the "Client" who contracted for persons to drive a van displaying derogatory signs regarding Plaintiff David during the period from November 10, 2016 to November 18, 2016.  Joint Trial Ex. 20.  Coupled with the numerous emails on which Tony Kazal was included, the jury could have reasonably determined that Tony was a key participant in the stalking campaign.

Considering the foregoing evidence presented at trial, and drawing all inferences in the light most favorable to Plaintiffs, the Court upholds the jury's conclusion that Adam and Tony Kazal stalked Plaintiff David, as it is supported by substantial evidence.

### III.   NEW TRIAL

#### A. Legal Standard

Under Rule 59(a)(1), "[t]he court may, on motion, grant a new trial on all or some of the issues . . . , for any reason for which a new trial has heretofore been

granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Although Rule 59 does not enumerate specific grounds for a new trial, the Ninth Circuit has held that "the trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)) (brackets omitted). A district court "enjoys considerable discretion in granting or denying the motion." *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003).

When the movant claims that a verdict was against the clear weight of the evidence at trial, a new trial should be granted only "[i]f, having given full respect to the jury's findings, the judge . . . is left with the definite and firm conviction that a mistake has been committed." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371–72 (9th Cir. 1987). A "jury's verdict must be upheld if it is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir. 2002).

**B. Discussion**

### 1.    The Jury's Damages Award is Not Excessive

A court "may reverse a jury's finding of the amount of damages if the amount is grossly excessive or monstrous." *Lambert v. Ackerley*, 180 F.3d 997, 1011 (9th Cir. 1999) (*en banc*), *cert denied*, 528 U.S. 1116, 145 L. Ed. 2d 814, 120 S. Ct. 936 (2000). Defendant argues that the damages awarded were excessive, and the Court should accordingly order a new trial. Here, the jury awarded $100,000 in compensatory damages against Adam and Tony Kazal each, and $1,000,000 in punitive damages against Adam and Tony Kazal each. The Court will address compensatory and punitive damages in turn.

/ / /

### a.   Compensatory Damages

Defendants assert that "the evidence does not show any factual basis on which the jury could have appropriately estimated compensatory damages." Mot. at 17. However, Plaintiffs provided ample evidence at trial regarding both emotional damages and the measures taken as a result of Defendants' conduct. Plaintiff David testified as to the emotional distress he experienced as a result of the stalking. The Ninth Circuit does not require objective evidence for a plaintiff to establish emotional distress damages. *See Zhang v. Am Gem Seafoods, Inc.*, 339 F.3d 1020, 1040 (9th Cir. 2003) (determining that a requirement of substantial evidence for emotional distress damages "is not imposed by case law in . . . the Ninth Circuit, or the Supreme Court"). Plaintiff David's testimony of fear for himself and his family is enough to substantiate the jury's award of emotional distress damages is not unreasonable. In addition, Plaintiff took concrete measures as a result of Defendants' conduct. David provided testimony regarding the measures he took to improve the security of his house and at Thunder Studios. *See* Transcript Trial Day 1 at 99: 1-11.

### b.   Punitive Damages

When examining the reasonableness of a punitive damages award, "the district court is to determine whether the jury's verdict is within the confines set by state law, and to determine, by reference to federal standards developed under Rule 59, whether a new trial . . . should be ordered." *Pavon v. Swift Transp. Co.*, 192 F.3d 902. 909 (9th Cir. 1999). The court evaluates three factors to determine whether punitive damages are excessive: "(1) the reprehensibility of defendant's conduct; (2) the ratio between any compensatory award and the punitive award; and (3) a comparison of the damage award and any potential statutory penalty for the same act." 192 F.3d at 909 (citing *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559, 574–75 (1996)).

Here, Defendants argue the jury's award of punitive damages is not consistent with their acts of wrongdoing. The Court analyzes the jury's punitive damages award using the *Gore* factors.

9.

### i.  Reprehensibility

To determine the reprehensibility of a defendant's conduct, a court considers (1) whether the harm was physical rather than "pure economic in nature"; (2) whether defendant's conduct shows "indifference to or reckless disregard for the health and safety of others"; (3) whether defendant "repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful"; and (4) whether defendant's conduct involves "deliberate false statements, acts of affirmative misconduct, or concealment of evidence of improper motive". *Gore*, 517 U.S. at 576, 579.

Defendants engaged in a months-long internet harassing campaign against Rodric David and his family.  Defendants subjected Plaintiff David to fear, concern for his family, and frustration.  Further, Plaintiff David received countless emails calling him, among other things, a "corporate thief", threatening to follow him tirelessly and was greeted by protestors delivering the same message by his home and work.  Defendants provided no evidence that their harassment was provoked or justified in any reason; Defendants' conduct was reprehensible and punitive damages may deter further conduct.

### ii.  No Civil Comparison

Defendants do not identify any civil comparison for the tort of stalking; this factor is neutral with respect to the reasonableness of punitive damage.

### iii.  The Ratio is Reasonable

The *Gore* Court requires courts to examine the relationship between compensatory damages and punitive damages and determine the ratio to the actual harm inflicted is reasonable.  *Id.* at 581.  In determining reasonableness, courts must inquire "whether there is a reasonable relationship between the punitive damages award and the *harm likely to result* from defendant's conduct as well as the harm that actually has occurred." *Id.* (citation omitted).  The punitive damages award here, at a ratio of 10:1 does not "jar one's constitutional sensibilities".  *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462, 113 S. Ct. 2711, 2722 (1993).

10.

Accordingly, the Court does not find it necessary to reduce the jury's award of punitive damages.

Further, the jury properly considered Defendants' wealth when determining its punitive damages award. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513 (2003) ("[Wealth] provides an open-ended basis for inflating awards when the defendant is wealthy . . . . That does not make its use unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors, such as 'reprehensibility,' to constrain significantly an award that purports to punish a defendant's conduct."). Substantial evidence was presented at trial regarding the Kazal family's wealth, including the $21.5 million sale of an Australian retail space in 2017. Joint Trial Ex. 51. The award of punitive damages is reasonable in light of all the evidence.

## 2.   The Verdict Was Not Against the Weight of the Evidence

For the reasons discussed above in Section II.B.2 , the Court finds that Plaintiff presented substantial evidence during the trial to allow a reasonable jury to conclude that Defendants stalked Plaintiff David. *See supra* Section II.B.2. Accordingly, the Court declines to grant Defendant's Motion on this ground, as the verdict was not against the weight of the evidence presented at trial.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' renewed Motion for Judgment as a Matter of Law, or in the alternative New Trial. The jury's award of compensatory and punitive damages is reasonable. Accordingly, the Court also **DENIES** Defendants' Motion to remit the damages awards.

**IT IS SO ORDERED.**

Dated:  March 14, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE

11.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THUNDER STUDIOS, INC.; RODRIC DAVID, <br><br>    Plaintiffs, <br><br>  v. <br><br>CHARIF KAZAL; TONY KAZAL; ADAM KAZAL; AND DOES 1 TO 100, INCLUSIVE, <br><br>    Defendants. | CASE NO.: 2:17-cv-00871 AB (SSx) <br><br>Hon. Andre Birotte, Jr. <br><br>[PROPOSED] JUDGMENT AFTER JURY VERDICT <br><br>Verdict Rendered December 11, 2018 |

TO ALL INTERESTED PARTIES, THE PARTIES, AND THEIR ATTORNEYS OF RECORD:

  By reason of Special Verdict Form (Doc. Nos. 187 and 188) and Special Verdict Form Punitive Damages (Doc. Nos. 189 and 190), which are incorporated herein by reference, Plaintiffs Thunder Studios, Inc. and Rodric David are entitled to Judgment against Defendants Charif Kazal, Tony Kazal and Adam Kazal. Now, therefore, it is ORDERED, ADJUDGED AND DECREED that:

  1. Plaintiff Thunder Studios shall have and recover Two Thousand Six Hundred Dollars ($2,600.00) in statutory damages pursuant to 17 U.S.C. § 504(c)(2) on Claim 1 (Copyright Infringement) against Defendant Charif Kazal.

  2. Plaintiff Thunder Studios shall take nothing on Claim 1 (Copyright

-1-

Judgment

Infringement) against Defendants Tony Kazal and Adam Kazal.

3. Plaintiff Rodric David shall have and recover One Hundred Thousand Dollars ($100,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages on Claim 2 (Stalking) against Defendant Tony Kazal.

4. Plaintiff Rodric David shall have and recover One Hundred Thousand ($100,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages on Claim 2 (Stalking) against Defendant Adam Kazal.

5. Plaintiff Rodric David shall take nothing on Claim 2 (Stalking) against Defendant Charif Kazal.

Attorneys' Fees and Costs

1. Plaintiff Thunder Studios, Inc. may file a Motion For Recovery of Attorneys' Fees and Costs with the Court.

2. Defendants Tony Kazal and Adam Kazal may file a Motion for Recovery of Attorneys' Fees with the Court.

3. Plaintiffs Thunder Studios, Inc. and Rodric David may file an Application to the Clerk to Tax Costs.

IT IS SO ORDERED:

Dated: 1/2/2019

_____
André Birotte, Jr.
United States District Court Judge


Submitted by:
Seth W. Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com
Attorneys for Plaintiffs
Thunder Studios, Inc. and Rodric David

-2-

Judgment